UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

EDDYN CASTRO, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                            Plaintiff,

             -against-

GOTHAM DRYWALL INC., and JOHN
FITZPATRICK, individually,

                         Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**Docket No.: 1:25-cv-6649**

Jury Trial Demanded

       EDDYN CASTRO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against GOTHAM DRYWALL INC. ("Gotham"), and JOHN FITZPATRICK, individually, (together with Gotham, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

       1.     This is a civil action for damages and other redress based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the

NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a drywall and construction company based in Brooklyn that primarily services the New York City area, and its owner and day-to-day overseer - - as a non-managerial laborer from in or around August 2019 until on or about February 11, 2025. As described below, throughout the entirety of his employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL.  Specifically, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each week, or virtually each week.  Yet in exchange for his work, Defendants failed to compensate Plaintiff, who was an hourly employee, at any rate of pay for any hours that Plaintiff worked prior to his scheduled shifts that exceeded forty in a workweek, and thus not at the statutorily-required overtime rate of pay for those hours.  More specifically, in addition to his regularly-scheduled forty-hour per week shifts, Defendants required Plaintiff to arrive approximately fifteen to thirty minutes prior to his shift to, *inter alia*, attend Defendants' safety meetings.  Defendants did not pay Plaintiff at any rate of pay for this pre-shift work.

3.      Moreover, Defendants further violated the NYLL by failing to furnish Plaintiff with an accurate wage statement on each payday or with an accurate wage notice at his time of hire, as NYLL §§ 195(3) and (1) respectively require.

4.      Defendants have paid and treated all of their non-managerial laborers in the same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually,

and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable statutory period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant Gotham was and is a corporation authorized to conduct business in the state of New York that maintains its principal place of business at 244-250 Green Street, Brooklyn, New York 11222, and is registered with the New York State Department of State to receive service at that same address.

3

11. At all relevant times herein, Defendant Fitzpatrick was and is Gotham's owner and day-to-day overseer, who in that role personally managed and oversaw, and continues to manage and oversee, the daily operation of Gotham, and who was and is ultimately responsible for all matters with respect to the terms and conditions of employment for all of its employees, hiring and firing employees, determining the rate and method of wages paid to all employees, setting employees' work scheduled, and is responsible for maintaining employment records, including those matters with respect to Plaintiff.

12. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Gotham's qualifying annual business, exceeded and exceeds $500,000.00. Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA as they operate a business that purchases numerous tools and supplies that have moved across state lines, such as ladders, hammers, and drills, in order to carry out their business. The combination of all of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who at any time during the applicable FLSA limitations period, performed any work for Defendants as non-managerial laborers, or in a similar position, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15.    At all relevant times, Defendants are and have been aware of the requirements to pay their non-managerial laborer employees, including Plaintiff and all FLSA Plaintiffs, at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.  Specifically, Defendants have been previously sued for violations of the overtime provisions of the FLSA and the NYLL, during which they undoubtedly became familiar with the FLSA and its requirements to pay non-exempt employees at the rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a week. *See Torres v. Gotham Drywall Inc., et al.*, 21-cv-5536 (E.D.N.Y. 2022); *Loor v. Gotham Drywall Inc., et al.*, 20-cv-3886 (E.D.N.Y. 2020); *Calderon v. Gotham Drywall Inc., et al.*, 20-cv-6384 (E.D.N.Y. 2020); *Sanchez v. Gotham Drywall Inc., et al.*, 19-cv-10998 (E.D.N.Y. 2019).  Yet despite learning about the law and its requirements, Defendants continued to violate the FLSA and NYLL as detailed herein.

16.    Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17.    In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

18.    Under FRCP 23(b)(3), a plaintiff must plead that:

   a.   The class is so numerous that joinder is impracticable;

   b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c.   Claims or defenses of the representative are typical of the class;

   d.   The representative will fairly and adequately protect the class; and

   e.   A class action is superior to other methods of adjudication.

19.    Plaintiff seeks certification of the following FRCP 23 class:

   Current and former non-managerial laborer employees, who during the applicable NYLL limitations period, performed any work for any of the Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

20.    During the relevant statutory period, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

21.    There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants

required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information NYLL § 195(3) requires; (5) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (6) whether Defendants have furnished or furnish the Rule 23 Plaintiffs with a wage notice at hire that accurately contains the information that NYLL § 195(1) requires; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

## Typicality of Claims and/or Defenses

22.    As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial laborers.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours per week, yet Defendants have routinely failed and fail to pay them for the work performed prior to each of their scheduled shifts at any rate of pay, and thus not at the rate of time and one-half their respective regular rates of pay, while also failing to provide them with an accurate wage statement on each payday or with an accurate wage notice upon hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular

7

rates for all hours worked per week in excess of forty, and to be furnished with an accurate wage statement on each payday and with an accurate wage notice at hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

23.    Plaintiff as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants.  Defendants did not pay Plaintiff at the rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, and did not furnish Plaintiff with an accurate wage statement on each payday or with an accurate wage notice at his time of hire, which is substantially-similar to how Defendants have paid and treated all Rule 23 Plaintiffs.  Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony.  Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to them.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

25.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26.     Any lawsuit brought by any non-managerial laborer employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

27.     Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

28.     Defendants are a drywall and construction conditioning company with an office located at 244-250 Green Street, Brooklyn, New York, that services the New York City area, together with its owner.  Defendants operate to perform the installation and/or removal of various drywall as well as associated construction work in commercial and residential buildings.

29.     At all times herein, Defendant Fitzpatrick was and is Gotham's owner and day-to-day overseer, who in that role personally managed and oversaw, and continues to manage and oversee, the daily operation of Gotham, and who was and is ultimately responsible for all matters with respect to the terms and conditions of employment for all of its employees, hiring and firing employees, determining the rate and method of wages paid to all employees, setting employees' work scheduled, and is responsible for maintaining employment records, including those matters with respect to Plaintiff.  Indeed, Fitzpatrick had the ultimate authority over the decision to hire and fire Plaintiff, set Plaintiff's rate of pay, determine his weekly schedule, and should have maintained his employment records.

9

30. From in or around August 2019 until on or about February 11, 2025, Plaintiff worked for Defendants as a non-managerial laborer. In that role, Plaintiff generally performed construction related tasks including but not limited to installing drywall, demolition, moving materials, and cleaning the worksites.

31. From the beginning of his employment through in or around August 2023, Defendants scheduled Plaintiff to work, on average, either five or six days per week, Monday through Friday, and sometimes on Saturdays, from 7:00 a.m. until 3:30 p.m., although he often worked later as required, permitting one-half hour per day for a scheduled, uninterrupted break, for a total of approximately forty-two and one half hours to fifty-one scheduled hours per week. From in or around September 2023 through the end of his employment, Defendants scheduled Plaintiff to work, on average, five days per week, Monday through Friday, from 7:00 a.m. until 3:30 p.m., although he often worked later as required, permitting one-half hour per day for a scheduled, uninterrupted break, for a total of approximately forty-two and one half scheduled hours per week.

32. From the beginning of his employment until in or around January 2023, for his scheduled hours, Defendants paid Plaintiff at his regular rate of pay of $32.00 per hour. From January 2023 until in or around January 2024, Defendants paid Plaintiff at his regular rate of pay of $35.00 per hour. From January 2024 through the end of his employment, Defendants paid Plaintiff at his regular rate of pay of $39.00 per hour. Throughout his employment, if Plaintiff worked any hours beyond 3:30 p.m. each workday, and that work caused him to work in excess of forty hours in a week, Defendants compensated him at his applicable overtime rate for those hours worked in the afternoon.

33.     However, in addition to his regularly-scheduled hours, Defendants, pursuant to a company-wide policy that applied to all of their non-managerial laborer employees, required Plaintiff to report to work each day, approximately fifteen to thirty minutes prior to each shift, where at least twice per week, Plaintiff was required to attend a mandatory safety meeting. Defendants did not compensate Plaintiff at any rate of pay, much less his overtime rate, for the time he was required to be at the worksite prior to 7:00 a.m. each day.

34.     As a result, Plaintiff routinely worked anywhere from an hour and fifteen minutes to three hours each week, for which Defendants failed to pay Plaintiff at any rate, let alone at his applicable statutorily-required overtime rate.

35.     By way of example only, during the week of January 20 through January 26, 2025, despite Defendants' scheduling Plaintiff to work from 7:00 a.m. to 3:30 p.m. each day, Defendants actually required Plaintiff to work, and Plaintiff actually did work, the following approximate schedule, with a thirty minute scheduled break during each of his shifts, due to Defendants' policy requiring Plaintiff to arrive to work prior to his shifts:

Monday, January 20, 2023: 6:30 a.m. until 3:30 p.m.;

Tuesday, January 21, 2023: 6:30 a.m. until 3:30 p.m.;

Wednesday, January 22, 2023: 6:30 a.m. until 3:30 p.m.;

Thursday, January 23, 2023: 6:30 a.m. until 3:30 p.m.;

Friday, January 24, 2023: 6:30 a.m. until 3:30 p.m.;

Saturday, January 25, 2023: off; and

Sunday, January 26, 2023: off.

Accordingly, Plaintiff worked a total of forty-two and one-half hours during this week.  In exchange for his work that week, Defendants paid Plaintiff at his $39.00 per hour regular rate of

pay for his first forty hours of work, for a total of $1,560.00.  Thus, Defendants failed to pay Plaintiff for the two and one-half hours that Plaintiff worked in excess of forty during that week at any rate of pay, much less at his applicable overtime rate of $58.50.

36.    Defendants paid Plaintiff on a weekly basis, by check.

37.    On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, his hours worked, his overtime rate of pay, and his overtime wages owed.  Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

38.    Additionally, Defendants did not provide Plaintiff with a wage notice at any of his time of hire that accurately contained, *inter alia*: Plaintiff's regular and overtime rates of pay; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.  Defendants' failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive, and contributed to the underpayment of wages as asserted herein

39.    Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

40.    Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

41.    Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was and is for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

42.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

44.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

45.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

46.    Defendants willfully violated the FLSA.

47.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

48.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

49.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

52.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

53.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

55.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

57.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

58.     As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained all of the criteria that the NYLL requires.

59.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that each violation occurred, up to a statutory cap of $5,000.00 per person.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notice in Violation of the NYLL*

60.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61.     NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

62.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

63.     As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice at the time of hire, let alone a notice that accurately contained all of the criteria that the NYLL requires.

64.    Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

65.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

j. Awarding pre-judgment and post-judgment interest, as provided by law; and

k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further

relief as this Court finds necessary and proper.

Dated: Garden City, New York
       December 2, 2025

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:  _____
     ANDREW C. WEISS, ESQ. (5560537)
     MICHAEL J. BORRELLI, ESQ. (MB 8533)

18